UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JOSEPH DAVIDSON and KELLY
DAVIDSON,

Case No. DG 10-00374
Chapter 7
Hon. Scott W. Dales

             Debtors.
_____/

## OPINION AND ORDER REGARDING OBJECTION TO EXEMPTIONS

        PRESENT:    HONORABLE SCOTT W. DALES
                        United States Bankruptcy Judge

This contested matter arises from the Trustee's Objection to Amended Exemptions (the "Objection," DN 24) filed in response to the amended claim of exemption that Chapter 7 debtors Joseph and Kelly Davidson (the "Debtors") asserted with respect to certain tax refunds they received and spent post-petition.

This all-too-common scenario has been a vexing problem in this district for debtors, their counsel, their trustees, and the court because it raises a variety of complicated bankruptcy and jurisprudential issues. Many debtors fail to appreciate the legal effect that a bankruptcy filing has on their interests in property, including their rights to receive refunds from taxing authorities. When those refund rights ripen into a direct deposit or government check that arrives in their account or mailbox post-petition, many cash-strapped debtors quickly spend the proceeds before their trustee and the court have an opportunity to sort out the competing interests, typically through negotiation or litigation concerning exemptions claimed under 11 U.S.C. § 522(d)(5). By failing to understand or respect their bankruptcy trustee's duty to apply any non-exempt

portion of the refunds against their creditors' claims, debtors jeopardize both their right to claim the property as exempt and their creditors' rights to payment from that property. The present contested matter is another unfortunate illustration of this problem.

The court has jurisdiction over the Debtors' Chapter 7 bankruptcy case pursuant to 28 U.S.C. § 1334(a). The contested matter involving their exemptions is a "core proceeding" as described in 28 U.S.C. § 157(b)(2)(B).

The court cannot resolve the exemption issues at this time, however, because both parties concede that the facts of this case are not materially different from those addressed in *In re Phandanouvong,* 2009 WL 3635877 (Bankr. W.D. Mich. Oct. 2, 2009), and the companion case, *In re Busher*. Because the Debtors have dissipated the tax refunds and Chapter 7 Trustee Jeff A. Moyer (the "Trustee") has not filed a recovery action, the question of whether the Debtors properly claimed the exemption is moot -- the property is already gone. *See also In re Trudell*, 424 B.R. 786, 793-94 (Bankr. W.D. Mich. 2010) (recognizing that the trustee's objection "has been rendered moot by the Trudells' premature expenditure of the refund claimed").

The court understands that the Trustee's stated purpose in filing the "protective" Objection is to foreclose any argument against a later avoidance or turnover action. Nevertheless, just as the Objection is moot with respect to the supposedly exempt property, the effect of the claimed exemption in an as-yet-unfiled recovery proceeding is not ripe, and will not be ripe, unless and until the Trustee takes steps to avoid and recover, or otherwise compel the Debtors to account for, the tax refunds. If the Trustee takes such action, the court may have to consider whether the Debtors are allowed to exempt any property the Trustee may recover in that proceeding. *See, e.g.,* 11 U.S.C. § 522(g).

Because the court regards the present contested matter as moot, and the effect of the Debtors' supposed exemptions in a subsequent avoidance or turnover proceeding as not ripe, the court will overrule the Objection without prejudice to renewal at a later date, presumably after the Debtors raise the exemption as a defense to avoidance or recovery.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection (DN 24) is OVERRULED, without prejudice, as moot.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Joseph and Kelly Davidson, James E. Gould, Esq., and Jeff A. Moyer, Esq.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: July 15, 2010**